IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BEN'ANDRE JAVON GOOLSBY | CRIMINAL ACTION NO.<br>1:20-CR-00294-MLB-CCB-1 |

**SENTENCING MEMORANDUM**

Ben'Andre Javon Goolsby, by and through undersigned counsel, files this sentencing memorandum in support of a jointly recommended sentence of 48 months, which is equal to a little over 35 months of imprisonment concurrent with his state sentence from the date of arrest.[1] Mr. Goolsby asks the Court to impose a federal sentence that is concurrent with his state sentence and to give him credit for the time he has already served in state custody. The Government does not object to this request.

**I.    FACTS**

On May 11, 2020, Mr. Goolsby was arrested in Clayton County for charges resulting in the instant federal case.[2] After being released on bond from Clayton County Superior Court, Mr. Goolsby was arrested on May 29, 2020 for a probation warrant from Rockdale County, where he was on probation under the

---

[1] PSR ¶ 43 lists Mr. Goolsby's date of arrest on the probation warrant as May 29, 2020.

[2] PSR ¶ 51.

First Offender Act.[3] Mr. Goolsby was taken into state custody and his First Offender status and probation were revoked. The court imposed a sentence of 20 years, to serve 7 years in custody, with credit for the time he had served—resulting in two years of state custody starting from July 6, 2020.[4]

Mr. Goolsby was subsequently brought to federal court on a writ to answer charges of Receipt of a Firearm by a Person Under Indictment, 18 U.S.C. § 922(n), and False Statements to a Federally Licensed Firearms Dealer, 18 U.S.C. § 922(a)(6). (Doc. 9). Mr. Goolsby pleaded guilty to one count of each charge pursuant to a plea agreement in which the parties jointly recommended a sentence of 48 months imprisonment. (Doc. 24).

II.   DISCUSSION

Section 5G1.3(b) of the United States Sentencing Guidelines (U.S.S.G.) explains the mechanism for imposing a concurrent sentence: "The court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." In other words, a 48 month sentence would need to be adjusted to 35

---

[3] PSR ¶¶ 43, 51; Rockdale County Superior Court Revocation Hearing Transcripts, 2014-CR-1084 (July 6, 2020).

[4] Rockdale County Superior Court Revocation Hearing Transcripts, 2014-CR-1084 (July 6, 2020).

months to allow for concurrent sentencing starting from the date of arrest on the state case.

The BOP will not credit Mr. Goolsby for the nearly 13 months that he will have served in state custody at the time of his federal sentencing. Because Mr. Goolsby was brought to federal court by writ, the state authorities retain primary jurisdiction over Mr. Goolsby and he is not receiving credit towards his federal sentence.[5] The BOP's Sentence Computation Manual states: "Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign."[6] If the Court considered the probation revocation to be relevant conduct because the instant offense was part of the reason for the revocation sentence, then the Court would be required to run the sentences concurrently under subsection (b) of 5G1.3. However, Mr. Goolsby's First Offender status and probation were revoked because of his new arrests and technical violations.[7]

To accommodate the requirements of the BOP's sentence computation department, the following language could be added to Mr. Goolsby's judgment:

---

[5] Henry J. Sadowski, Federal Bureau of Prisons, *Interaction of Federal and State Sentences when the Federal Defendant is Under State Primary Jurisdiction*, available at https://www.ussc.gov/sites/default/files/pdf/training/annual-national-training-seminar/2010/014a_OGC_Memo_Sadowski.pdf

[6] Federal Bureau of Prisons Sentence Computation Manual, P5880.28, at 1-17, available at https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp

[7] Rockdale County Superior Court Revocation Hearing Transcripts, 2014-CR-1084 (July 6, 2020).

> In imposing this sentence, the Court has adjusted for the period of imprisonment that the defendant served on the undischarged term of imprisonment in Rockdale County Superior Court case 2014-CR-1084 between May 29, 2020 and June 22, 2021. Starting from June 22, 2021, the Court's sentence is 35 months imprisonment to be imposed concurrent to the remainder of Mr. Goolsby's Rockdale County sentence with the expectation that no further adjustment will be made other than good time credit.

Mr. Goolsby respectfully submits that it is reasonable for the court to impose concurrent sentencing to the date of his state arrest which, in effect, would be a federal sentence of about 35 months for the joint recommendation of 48 months. If Mr. Goolsby had been arrested and initially brought to federal court by the ATF agents who were involved in his investigation and arrest,[8] he could have already earned over a year of credit towards his federal sentence.

Mr. Goolsby has one felony conviction for the Smash-and-Grab Burglary that he was involved with at the age of 17 years old.[9] At the time, Mr. Goolsby's older half-brother—one of the codefendants in the 2014 Burglar case who is about six years his senior—had significant influence over Mr. Goolsby who had a strained relationship with his own father.[10] Mr. Goolsby was on probation for his

---

[8] PSR ¶¶ 7-22.

[9] PSR ¶ 43.

[10] PSR ¶¶ 53-54.

Burglary case starting in 2014 and was not rearrested until about six years later.[11] During that time, Mr. Goolsby earned his GED and was working full-time.[12]

Mr. Goolsby asks the court to impose a sentence of 35 months, which would take into account the time he has served on his state sentence, and asks his federal sentence to be imposed concurrently with his state revocation sentence.

Dated: This 16th day of June, 2021.

        Respectfully Submitted,

        */s/ Melissa McGrane*_____
        MELISSA MCGRANE
        GEORGIA BAR NO. 878384
        ATTORNEY FOR MR. GOOLSBY

---

[11] PSR ¶ 43.

[12] PSR ¶¶ 65-71.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

>Theodore Hertzberg
>Assistant United States Attorney
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, S.W.
>Atlanta, Georgia 30303

Dated: This 16th day of June, 2021.

>*/s/ Melissa McGrane*_____
>MELISSA MCGRANE
>GEORGIA BAR NO. 878384
>ATTORNEY FOR MR. GOOLSBY

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Melissa_McGrane@fd.org